ENTERED NOV 0 7 2014

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-13-140
317 / 2014

JAMES M. DINEEN,                )
                                )
        Plaintiff,              )
                                )
    v.                          )        ORDER
                                )
SIX FLAGS NEW ENGLAND, INC.,    )
                                )
        Defendant.              )

I.    Background

Dineen Coach Co. was chartered to carry passengers to and from Six Flags New England in

Agawam, Massachusetts on June 10, 2007. Upon exiting the Six Flags parking lot, the coach

owned by Dineen Coach Co. collided with a guardrail. Plaintiff brought this action for

negligence alleging that the collision occurred as a result of negligent placement of traffic cones

and metal guardrails, leaving insufficient room for passage of a vehicle of such a size. Before the

Court is Defendant's Motion to Dismiss.

II.   Discussion

Defendant moves the Court to dismiss Plaintiff's action arguing that Plaintiff failed to state a

claim upon which relief can be granted because the statute of limitations has run and that the

Court does not have personal jurisdiction over Defendant.

The Court first looks to the question of personal jurisdiction. The Maine Long-Arm Statute

provides that any person submits to the jurisdiction of the Maine Courts where they have

transacted any business within the State or "[m]aintain[ed] any other relation to the State or to

persons or property which affords a basis for the exercise of jurisdiction by the courts of this

1

State consistent with the Constitution of the United States." 14 M.R.S. § 704-A (2013). Personal jurisdiction over an out-of-state party is analyzed by standards of due process and minimum contacts in the forum state. Estate of Hoch v. Stifel, 2011 ME 24, ¶ 25, 16 A.3d 137. "Due process is satisfied when: (1) Maine has a legitimate interest in the subject matter of the litigation; (2) the defendant, by his or her conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice." Id. Plaintiff bears the burden of the first two prongs, after which the burden shifts to Defendant to show how the exercise of jurisdiction does not comport with traditional notions of fair play and substantial justice. Cavers v. Houston McLane Co., Inc., 2008 ME 164, ¶ 19, 958 A.2d 905.

Maine has an interest in providing Maine residents a means of redress against non-residents. Harriman v. Demoulas Supermarkets, Inc., 518 A.2d 1035, 1036 (Me. 1986). Plaintiff is a Maine resident, who owns a Maine company. This Court has an interest in providing a forum to hear Plaintiff's cause of action.

Next the Court must determine whether Six Flags New England, Inc. reasonably could have expected to defend against an action brought in Maine. A defendant may reasonably expect to defend against actions brought in any state in which the defendant has established sufficient minimum contacts. Harriman v. Demoulas Supermarkets, Inc., 518 A.2d 1035, 1037 (Me. 1986). "A defendant's activities are sufficient to establish minimum contacts when (1) the activities of the defendant have been directed at the forum's residents; (2) the defendant deliberately engages in significant activities in the forum; or (3) the defendant creates continuing obligations between itself and residents of the forum." Cavers v. Houston McLane Co., Inc., 2008 ME 164, ¶ 24, 958 A.2d 905. Defendant has directed television advertisements at Maine residents, in the Maine

2

market, in an effort to draw Maine residents to Six Flags New England in Massachusetts. Defendant's activities are sufficient to establish minimum contacts with the State of Maine such that Defendant could reasonably anticipate litigation in Maine.

The Court considers "a variety of factors including the nature and purpose of defendant's contacts with the forum state, the connection between the contacts and the cause of action, the number of contacts, the interest of the forum state in the controversy, and the convenience and fairness to both parties" in determining whether the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. Harriman v. Demoulas Supermarkets, Inc., 518 A.2d 1035, 1038 (Me. 1986). In the current case, Defendant's contacts with the State of Maine were systematic and purposeful. Defendant has not met its burden of showing that the exercise of jurisdiction in this case would be unreasonable. The Court denies Defendant's Motion to Dismiss for lack of personal jurisdiction.

Defendant argues that the current action should be dismissed for failure to state a claim upon which relief may be granted because the statute of limitations has run. According to Maine law, all civil actions have a six-year statute of limitations. 14 M.R.S. § 752 (2013). Defendant argues that Plaintiff failed to serve either the Complaint or the Amended Complaint on Defendant until September 4, 2013.[1] The parties agree that the cause of action accrued on June 10, 2007. Therefore, Defendant argues that the statute had run prior to service on Defendant.

According to Maine statute, "An action is commenced when the summons and complaint are served or when the complaint is filed with the court, whichever occurs first." 14 M.R.S. § 553 (2013). Plaintiff filed the complaint within the statutory period. Plaintiff's claim is not barred by the ~~date of service~~. _STATUTE of limitations._ _J.O._

---

[1] Plaintiff filed the Complaint on June 7, 2013 and the Amendment to Complaint on August 30, 2013.

3

III.    Conclusion

The Court DENIES Defendant's Motion to Dismiss.

DATE:    5/7/14


_____
John O'Neil, Jr.
Justice, Superior Court

4